**WALSH et al. v. UNITED STATES.**

Civ. No. 6388.

United States District Court
E. D. Pennsylvania.

July 7, 1952.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiffs.

Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., James F. Brown, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

CLARY, District Judge.

The plaintiffs herein were civilian firefighters constituting the fire department at the Philadelphia Cargo Port of Embarkation during the period including the years 1943 and 1944. The complaint alleges that during that time the requirements of their positions forced them to work more than the established 48 hour work week and in many cases up to 84 hours weekly, for which no additional overtime compensation was paid nor were the plaintiffs granted compensatory leave. Late in 1945 plaintiffs first asserted their claims for compensation by petitions to the General Accounting Office, which petitioners were lost and duplicate petitions were filed early in 1946. When the General Accounting Office made no response, the plaintiffs instituted suit on September 10, 1949, under the authority of the Tucker Act, 28 U.S.C. § 1346.

A review of the docket entries and the pleadings filed in this Court shows that the plaintiffs attempted to press their suit to a finality but acceded to a request of the Government that the actual trial of the case be postponed pending a decision of the United States Supreme Court in the case of Bruner v. United States, 343 U.S. 112, 72 S.Ct. 581, 96 L.Ed. ——. In that case the Supreme Court of the United States held that the amendment to the Tucker Act by the Act of October 31, 1951, 65 Stat. 710, 727, 28 U.S.C.A. § 1346, excluded from the District Court's jurisdiction pay claims of federal officers. Plaintiffs thereupon immediately moved for a transfer of the case to the United States Court of Claims, basing their motion upon general equity powers and the provisions of the Judicial Code, Section 1404, which permits a change of venue "in the interest of justice". The Government countered with a motion to dismiss for lack of jurisdiction.

I. Act of April 16, 1936, c. 229, 49 Stat. 1207, 46 U.S.C.A. § 1300 et seq.; Act of February 13, 1893, c. 105, 27 Stat. 445, § 1 et seq., 46 U.S.C.A. § 190 et seq.

The Judicial Code, Section 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

No case has been brought to the attention of the Court and no statute, other than that above quoted, has been cited showing authority for any District Court of the United States to transfer any action brought therein to the Court of Claims of the United States. Plaintiffs here concede that the Court of Claims is not in all respects on the same plane as a District Court, but argues that it occupies the same status as another district with respect to claims as to which each had concurrent jurisdiction. Several cases have been cited wherein one district court transferred to another district suits improvidently or improperly brought, venue of which should have been laid in another district. Transfer of these cases rather than dismissal was approved. Schiller v. Mit-Clip Co., 2 Cir., 180 F.2d 654; Chicago & N. W. Railway Co. v. Davenport, D.C., 95 F.Supp. 469; Wood v. Pennsylvania Greyhound Lines, D.C., 86 F.Supp. 91.

If it were within the power of this Court to transfer this case to the United States Courts of Claims, I would do so. However, I find no authority in either the Statutes or the Federal Rules of Civil Procedure, 28 U.S.C.A., for such action. Since the Bruner case, supra, is decisive on the question of the jurisdiction of this Court, reluctantly, I am forced to conclude that the defendant's motion to dismiss should be granted. An Order will be entered accordingly.