## BARE et al. v. UNITED STATES.
## CASSIDY et al. v. UNITED STATES.
### Civ. A. Nos. 3848, 3849.

United States District Court
M. D. Pennsylvania.

Oct. 1, 1952.

Hurwitz, Klein & Meyers, Harrisburg, Pa., for plaintiffs.

Arthur A. Maguire, U. S. Atty., Scranton, Pa., for defendant.

WATSON, Chief Judge.

These are companion cases brought under the Tucker Act, 28 U.S.C. § 1346, for wages and overtime compensation. In Civil Action No. 3848, the 15 plaintiffs allege that they were appointed civilian employees of the United States of America in the Fire Department of the Indiantown Gap Military Reservation. In Civil Action No. 3849, the 7 plaintiffs allege that they were appointed civilian employees of the United States of America at the Middletown Air Depot, Middletown, Pennsylvania.

In both cases defendant has filed motions to dismiss on the ground that this Court has no jurisdiction.

At the time these actions were commenced, the Tucker Act, 28 U.S.C. § 1346 (d), provided:

"The district courts shall not have jurisdiction under this section of:

\*  \*  \*  \*  \*  \*

"(2) Any civil action to recover fees, salary, or compensation for official services of officers of the United States."

Thereafter, Congress by Act of October 31, 1951, c. 655, Sec. 50(b), 65 Stat. 727, amended the applicable clause of the Judicial Code by inserting, immediately after "officers", in such clause, the words "or employees". The district courts, therefore, do not have jurisdiction to entertain actions or claims for fees, salaries or compensation of either "officers" or "employees" of the United States.

Furthermore, the Act of October 31, 1951, withdrawing the jurisdiction of the District Courts over suits by "employ-

552

ees" did not reserve jurisdiction over pending cases. Absent such a reservation, only the Court of Claims has jurisdiction to hear and determine claims for compensation brought by employees of the United States even though the District Court had jurisdiction over such claims when the action was brought. Bruner v. United States, 1952, 343 U.S. 112, 72 S.Ct. 581.

Plaintiffs in their brief, however, request the Court to transfer the actions to the Court of Claims. The Court finds no authority in the statutes, Federal Rules of Civil Procedure, 28 U.S.C., or under its general equity powers to permit the transfer of these cases to the 'Court of Claims. See Walsh v. United States, D.C.E.D.Pa., 1952, 105 F.Supp. 816.

The Court being without jurisdiction over the actions, the defendant's motions to dismiss will be granted. An appropriate order will be filed herewith.