## BRUNER *v.* UNITED STATES.

No. 391.   Argued January 30, 1952.—Decided March 24, 1952.

*Denmark Groover, Jr.* argued the cause for petitioner. With him on the brief were *Charles J. Bloch* and *Ellsworth Hall, Jr.*

*James R. Browning* argued the cause for the United States.   With him on the brief were *Solicitor General Perlman, Assistant Attorney General Baldridge* and *Paul A. Sweeney.*

*Monroe Oppenheimer* and *Robert E. Sher* filed a brief for Beal et al., as *amici curiae,* urging reversal.

MR. CHIEF JUSTICE VINSON delivered the opinion of the Court.

In 1941, petitioner was appointed a civilian fire chief at Camp Wheeler, Georgia, by a local army commander acting under authority delegated by the Secretary of War. In 1948, petitioner brought this action in the District Court to recover overtime compensation allegedly due for his services as fire chief. Jurisdiction to enter judgment against the United States was based on the Tucker Act which granted to the District Court jurisdiction, concurrent with the Court of Claims, over certain civil actions against the United States.[1]

At the time this action was commenced, Congress had provided that nothing in the Tucker Act shall be construed as giving the District Court—

"jurisdiction of cases brought to recover fees, salary, or compensation for official services of officers of the United States or brought for such purpose by persons claiming as such officers or as assignees or legal representatives thereof; but no suit pending on the 27th day of June 1898 shall abate or be affected by this provision." [2]

The District Court, holding that petitioner was an "officer of the United States," entered judgment dismissing petitioner's complaint for want of jurisdiction. The Court of Appeals for the Fifth Circuit affirmed. 189 F. 2d 255.

---

[1] 24 Stat. 505 (1887), now 28 U. S. C. (Supp. IV) § 1346.

[2] 30 Stat. 494, 495 (1898), as amended, 28 U. S. C. § 41 (20). As incorporated into the 1948 revision of the Judicial Code, the provision read:

"The district courts shall not have jurisdiction under this section of:

.            .            .            .            .

"(2) Any civil action to recover fees, salary, or compensation for official services of officers of the United States." 28 U. S. C. (Supp. IV) § 1346 (d).

In *Beal* v. *United States,* 182 F. 2d 565 (1950), the Court of Appeals for the Sixth Circuit sustained jurisdiction of the District Court over a suit brought by another civilian fire fighter appointed by the War Department on the ground that he was only an "employee" and not an "officer of the United States." We granted certiorari in the case at bar to resolve the conflict of decisions. 342 U. S. 858.

After certiorari had been granted in this case, the Act of October 31, 1951, Pub. L. No. 248, became effective. Section 50 (b) of that Act amended the applicable clause of the Judicial Code "by inserting, immediately after 'officers' in such clause, the words 'or employees' . . . ." [3] As a result of this amendment we are confronted at the threshold of this case with the question whether the Act of October 31, 1951, withdrawing the jurisdiction of the District Court over actions for compensation brought by "employees," applies to an action pending on the effective date of the Act. The power of Congress to withhold jurisdiction from the District Court "in the exact degrees and character which to Congress may seem proper for the public good" [4] is not challenged.

The problem presented by this case has arisen before in the administration of the Tucker Act. In 1887, jurisdiction concurrent with the Court of Claims was given the circuit and district courts in all cases involving claims below stated dollar amounts. In 1898, difficulties in defending claims for compensation brought in different courts prompted Congress to withdraw from the circuit and district courts jurisdiction over cases "brought to recover fees, salary, or compensation for official services of

---

[3] 65 Stat. 710, 727 (1951).

[4] *Lockerty* v. *Phillips,* 319 U. S. 182, 187 (1943); *Cary* v. *Curtis,* 3 How. 236, 245 (1845).

officers of the United States . . .,"[5] thereby centralizing all such cases in the Court of Claims. Congress made no provision for cases pending at the effective date of the Act withdrawing jurisdiction and, for this reason, Courts of Appeals ordered pending cases terminated for want of jurisdiction. *United States* v. *McCrory,* 91 F. 295 (C. A. 5th Cir. 1899); *United States* v. *Kelly,* 97 F. 460 (C. A. 9th Cir. 1899). Thereafter, Congress restored the jurisdiction of the circuit and district courts to consider cases pending on the date that jurisdiction had been withdrawn.[6]

The Act of October 31, 1951, withdrawing the jurisdiction of the District Court over suits by "employees," did not reserve jurisdiction over pending cases,[7] even though reservation of jurisdiction over pending cases had been held required and later had been made by Congress in respect to the 1898 provisions withdrawing jurisdiction over suits by "officers." Absent such a reservation, only the Court of Claims has jurisdiction to hear and determine claims for compensation brought by employees of the United States even though the District Court had jurisdiction over such claims when petitioner's action was brought. *Insurance Co.* v. *Ritchie,* 5 Wall. 541 (1867).

In *Ritchie,* a case arising under the internal revenue laws, jurisdiction was based upon an Act of 1833 granting the circuit courts jurisdiction over all cases arising under the revenue laws. After decision in the Circuit Court and while an appeal to this Court was pending, an Act of 1866 withdrew the jurisdiction of the circuit courts

---

[5] 30 Stat. 494, 495 (1898). See H. R. Rep. No. 325, 55th Cong., 2d Sess. (1898).

[6] 31 Stat. 33 (1900).

[7] No mention of pending cases is found in the Act. In § 56 (1) of the same Act, Congress expressly saved "any rights or liabilities" existing at the effective date of the Act under statutes repealed by § 56. 65 Stat. 710, 730 (1951).

116

over cases arising under the internal revenue laws, without any reservation saving cases such as Ritchie's. This Court held:

"It is clear, that when the jurisdiction of a cause depends upon a statute the repeal of the statute takes away the jurisdiction. And it is equally clear, that where a jurisdiction, conferred by statute, is prohibited by a subsequent statute, the prohibition is, so far, a repeal of the statute conferring the jurisdiction.

"It is quite possible that this effect of the act of 1866 was not contemplated by Congress. The jurisdiction given by the act of 1833 in cases arising under the customs revenue laws is not taken away or affected by it. In these cases suits may still be maintained against collectors by citizens of the same State. It is certainly difficult to perceive a reason for discrimination between such suits and suits under the internal revenue laws; but when terms are unambiguous we may not speculate on probabilities of intention." 5 Wall. at 544–545.

In another case arising under the same jurisdictional statutes, the Court, in following *Ritchie*, stated the applicable rule as follows:

"Jurisdiction in such cases was conferred by an act of Congress, and when that act of Congress was repealed the power to exercise such jurisdiction was withdrawn, and inasmuch as the repealing act contained no saving clause, all pending actions fell, as the jurisdiction depended entirely upon the act of Congress." *The Assessors* v. *Osbornes*, 9 Wall. 567, 575 (1870).

This rule—that, when a law conferring jurisdiction is repealed without any reservation as to pending cases, all

cases fall with the law—has been adhered to consistently by this Court.[8]

This case is not affected by the so-called general savings statute which provides that "repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute." [9] Congress has not altered the nature or validity of petitioner's rights or the Government's liability but has simply reduced the number of tribunals authorized to hear and determine such rights and liabilities. *Hallowell* v. *Commons*, 239 U. S. 506, 508 (1916). Compare *Lynch* v. *United States*, 292 U. S. 571 (1934).

Under the Judicial Code, as amended by the Act of October 31, 1951, the jurisdiction of the District Court does not extend to actions for compensation brought by either "officers" or "employees" of the United States. Since we find that Act applicable to petitioner's action, the judgment of the District Court dismissing petitioner's complaint for want of jurisdiction is correct. Accordingly, the judgment below is

*Affirmed.*

MR. JUSTICE BLACK and MR. JUSTICE DOUGLAS dissent.

---

[8] *Ex parte McCardle,* 7 Wall. 506, 514 (1869); *Railroad Co.* v. *Grant,* 98 U. S. 398, 401 (1879); *Sherman* v. *Grinnell,* 123 U. S. 679, 680 (1887); *Gurnee* v. *Patrick County,* 137 U. S. 141, 144 (1890); *Gwin* v. *United States,* 184 U. S. 669, 675 (1902). See *Kline* v. *Burke Constr. Co.,* 260 U. S. 226, 234 (1922).

This jurisdictional rule does not affect the general principle that a statute is not to be given retroactive effect unless such construction is required by explicit language or by necessary implication. Compare *United States* v. *St. Louis, S. F. & T. R. Co.,* 270 U. S. 1, 3 (1926), with *Smallwood* v. *Gallardo,* 275 U. S. 56, 61 (1927).

[9] 1 U. S. C. (Supp. IV) § 109.