Major Frederick F. JEFFERS,
Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 6277.

United States District Court
E. D. Wisconsin.

Aug. 18, 1955.

Jack J. Schumacher, Shawano, Wis., for plaintiff.

Edward G. Minor, U. S. Atty., by Howard W. Hilgendorf, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This action arose under the Menominee Indian Enrollment Act of June 15, 1934, 48 Statutes at Large 965, as amended July 14, 1939, 53 Statutes at Large 1003. The plaintiff claimed to be one fourth Menominee Indian. The complaint alleged that plaintiff made application for enrollment as a Menominee Indian and that the committee on enrollment for the Menominee Indian Tribe approved the application on July 1, 1951. Thereupon the application was submitted to the Office of the Commissioner of Indian Affairs in Washington, D. C. That application was returned without action by the Secretary of the Interior. On February 22, 1953, the application was again approved by the enrollment committee of the Menominee Indian Tribe. Since that time no further action has been taken on the application of the plaintiff.

The relief sought by the plaintiff is that he be adjudged a Menominee Indian of one fourth blood and that he be enrolled as a member of the Menominee Indian Tribe in the State of Wisconsin, and for such other relief as may be just and equitable. The defendant moved to dismiss the complaint on two grounds, only one of which need be considered in this decision. The defendant contends that the Court is without jurisdiction because Section 6 of 48 Statutes at Large 965, which conferred jurisdiction on this Court, has been repealed by Section 4, 68 Statutes at Large, P.L. 399, at page 251.

Under Federal Rule 8(a) (1), 28 U.S.C.A., the grounds upon which a District Court's jurisdiction depends must be set forth in the complaint. Coyle v. Philadelphia Macaroni Co., D. C., 9 F.R.D. 331. The plaintiff must show in his pleading affirmatively and distinctly the existence of whatever is essential to Federal jurisdiction, and if he does not do so, the Court on having the defect called to its attention must dismiss the case unless the defect is corrected by amendment. Gustafson v. Fred Wolferman, Inc., D.C., 6 F.R.D. 503. Jurisdiction must be supported solely by the allegations of the complaint. 4 Nichols, Cyc. of Fed. Procedure, Section 14.74.

The Court in Bruner v. United States, 343 U.S. 112, 72 S.Ct. 581, 584, 96 L.Ed. 786, stated the following:

"'It is clear, that when the jurisdiction of a cause depends upon a statute the repeal of the statute takes away the jurisdiction.'"

We feel that the Bruner case is controlling. We are unable to find that the Bruner case has been modified or overruled. This makes it unnecessary to consider the other ground of the motion.

The defendant in his brief attempted to gain jurisdiction under 25 U.S.C.A. § 345. This section, however, refers to allotments of land and gives the Court no jurisdiction with regard to enrollments in Indian tribes.

Plaintiff has filed a motion in effect to substitute the Secretary of the Interior as defendant. On the basis of the foregoing, such motion, if granted, would not change the outcome, and it, therefore, becomes unnecessary to pass upon it.

Defendant's motion to dismiss on account of lack of jurisdiction is hereby granted. Defendant's counsel may prepare an order in accord with this decision, submitting it to plaintiff's counsel for approval as to form only.