Grace MILLER et vir, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

Civ. A. No. 6054.

United States District Court
N. D. Texas, Dallas Division.

Aug. 29, 1955.

Thomas H. Hight, Dallas, Tex., Carter, Gallagher, Jones & Magee,. Dallas, Tex., for plaintiffs.

Heard L. Floore, U. S. Atty., Fort Worth, Tex., John C. Ford, Asst. U. S. Atty., Dallas, Tex., for defendant.

ATWELL, District Judge.

Charles A. Rublee, an United States soldier, was reported missing in action on December 18th, 1950, and thereafter reported dead in January, 1954. At the time of his reported death there was due the deceased soldier, $3,502.29 by reason of his service in the United States Army.

Grace Miller, joined by her husband, is the mother of the deceased soldier. Under the provisions of 10 U.S.C.A. § 868, the unpaid portion of the salary due a deceased soldier is required to be paid to the mother and father of such decedent, in equal parts. The amount so due is alleged to be $3,502.29 which has been paid by the United States to the father, Ramey A. Rublee, and the step-mother, Mattie A. Rublee, of the deceased, the father and mother of the deceased soldier having been divorced in 1940. Plaintiff, Grace Miller, made application for the payment of one-half of said amount to her, which was denied, and thereafter, joined by her present husband, brought

this suit for the amount which she alleges is due her.

Defendant's Motion to Dismiss asserts that this court has no jurisdiction, either under the Tucker Act, or, any other statute. Section 1346(d) (2), Title 28 U.S.C.A. provides: "The district courts shall not have jurisdiction under this section of * * * (2) Any civil action or claim to recover fees, salary, or compensation for official services of officers or employees of the United States."

Section 2671, Title 28 U.S.C.A. provides that, "As used in this chapter and sections 1346(b) and 2401(b) of this title, the term * * * 'employee of the government' includes * * * members of the military or naval forces of the United States * * *."

■ Jurisdiction is the right to entertain a controversy, and such right is vested in the United States court under the Constitution, solely by the Congress. 21 C.J.S., Courts, § 21 is well worth study on the question of jurisdiction.

Several cases for money judgment growing out of federal military service under the Tucker Act, and, otherwise, are, United States v. Beaman, 5 Cir., 61 F.2d 493; Randolph v. United States, 5 Cir., 158 F.2d 787; Almour v. Pace, 90 U.S.App.D.C. 63, 193 F.2d 699.

■ It seems that the Court of Claims has exclusive jurisdiction of such suits. That has been frequently decided, and seems to be the intention of 28 U.S.C.A. §§ 1346(d), 1501; Randolph v. United States, D.C., 69 F.Supp. 156, affirmed in 5 Cir., 158 F.2d 787, and certiorari denied in 330 U. S. 839, 67 S.Ct. 980, 91 L.Ed. 1286, and in Angilly v. United States, 2 Cir., 199 F.2d 642, 644, in which case it was said that, "The only jurisdiction for the recovery of salary is vested in the United States Court of Claims", 28 U.S.C.A. § 1346(d).

The United States Supreme Court in Bruner v. United States, 343 U.S. 112, 72 S.Ct. 581, 583, 96 L.Ed. 786, in affirming the Circuit Court of Appeals for the Fifth Circuit, said, "In 1887, jurisdiction concurrent with the Court of Claims was given the circuit and district courts in all cases involving claims below stated dollar amounts. In 1898, difficulties in defending claims for compensation brought in different courts prompted Congress to withdraw from the circuit and district courts jurisdiction over 'cases brought to recover fees, salary, or compensation for official services of officers of the United States * * *,' thereby centralizing all such cases in the Court of Claims."

" * * * Only the Court of Claims has jurisdiction to hear and to determine claims for compensation brought by employees of the United States * * *. Under the Judicial Code as amended by the Act of October 31, 1951, the jurisdiction of the district court does not extend to actions for compensation brought by either 'officers' or employees of the United States. Since we find that Act applicable to petitioner's action, the judgment of the District Court dismissing petitioners' complaint for want of jurisdiction is correct. Accordingly, the judgment below is affirmed."

■ Permission to sue the United States for claim as sought here, not having been granted by the Congress, the Motion to Dismiss for want of jurisdiction must be sustained, but I believe it should be done without prejudice so the plaintiff may pursue her rights if she sees fit, before the Court of Claims at Washington, D. C.