Ronald L. BEST, et al., Plaintiffs,

v.

**The UNITED STATES, Defendant.**

**No. 722–85C.**

United States Claims Court.

July 10, 1986.

Nancy F. Alley, Altamonte Springs, Fla., for plaintiffs.

David B. Stinson, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

Plaintiffs originally brought this suit in the United States District Court, Middle District of Florida, Orlando Division. Shortly after plaintiffs had filed their Complaint in the district court, defendant filed a Motion to Dismiss and to Transfer plaintiffs' case to the United States Claims Court on the grounds that the United States Claims Court had exclusive jurisdiction over the matter. Defendant argued the well-established rule that because the district court's jurisdiction over such suits is limited to claims not exceeding $10,000 in

amount under 28 U.S.C. § 1346(a)(2) (1982), and that 28 U.S.C. § 1491 (1982) granted the United States Claims Court jurisdiction over all such suits regardless of the amount of the claim, the United States Claims Court had exclusive jurisdiction over all non-tort claims for money damages against the United States for amounts over $10,000. Plaintiffs contended that jurisdiction was properly vested in the district court. After considering the parties' briefs, the district court concluded that it lacked jurisdiction to hear plaintiffs' claims because the "gravamen of plaintiffs' claim is for monetary relief in excess of $10,000." Accordingly, the district court transferred plaintiffs' action to this court "to avoid infringing upon the exclusive jurisdiction of the Claims Court over the monetary claim."

While it is true that the Tucker Act gives the Claims Court exclusive jurisdiction to hear claims for amounts over $10,000, this court believes that the district court erred in its conclusion that the United States Claims Court has exclusive jurisdiction over plaintiffs' claims.

When district courts consider transferring a claim or claims to the United States Claims Court for reasons of exclusive jurisdiction due to the dollar amount, the district courts should consider the claim or claims individually, and not collectively, to determine whether under 28 U.S.C. § 1491 (1982), the $10,000 threshold is met. *Zumerling v. Devine*, 769 F.2d 745 (Fed. Cir.1985). This court reviewed the transfer order of the district court and the briefs filed by the parties in the district court, but failed to see any proper discussion, by the parties or the court, considering individually the monetary amounts sought by the plaintiffs. When the gravamen of the plaintiffs' Complaint is for monetary relief in excess of $10,000, and there are eighteen plaintiffs, the district court should consider the plaintiffs' claims individually before transferring the Complaint to the United States Claims Court. This court notes that plaintiffs and defendant believe that none of plaintiffs' claims individually approach the $10,000 threshold.

This court was predisposed to return this action to the district court where it was properly brought. However, after discussing the matter with the parties, and understanding it to be their present desire to have the case remain in this court pursuant to its concurrent jurisdiction under 28 U.S.C. § 1491 (1982), this court retains the matter in the interest of justice and judicial economy.

## FACTS

Plaintiffs, eighteen in number, are past and present civilian technicians employed at the United States Reserve Aviation Support Facility in Orlando, Florida. As federal employees holding positions classified under the prevailing rate system, 5 U.S.C. §§ 5341–5343 (1982 & Supp. II 1984), plaintiffs' hourly wages are fixed and adjusted from time to time in accordance with a survey of prevailing local wages among private employers that provide similar work.

Plaintiffs, without ever enlightening the court as to the nature of the work done by them as technicians, contend that the Department of Defense's prevailing rate survey mandated under 5 U.S.C. §§ 5341–5343 (1982) deprived them of pay commensurate with similar technicians in local private industry. Plaintiffs contend that the survey improperly included or gave improper weight to the wages of local dissimilar truckers, fruit packers and warehouse workers. Plaintiffs also allege that the geographic boundaries for the survey improperly precluded weighing the wages of technicians doing similar work in an adjacent county located only fifty miles away.

Plaintiffs do not contend that they should be in a higher wage class or that they are doing the work of a higher grade level under detail assignment, *i.e.*, a temporary authorization and/or empowerment to do higher grade work. Nor do plaintiffs contend that they are being denied compensation in accordance with the survey performed. Rather, plaintiffs contend that due to improper survey procedures their wage class has been, and still is being

underpayed. Plaintiffs do not state to whom they petitioned for review of the survey procedures, nor does defendant deny such petitions were made, but the plaintiffs maintain that their requests for review have been inequitably denied. Accordingly, plaintiffs request this court to (1) direct defendant to increase salaries commensurate with a proper wage survey for 1977–1981; (2) require future surveys to include the adjacent county previously excluded; and (3) direct the payment of appropriate back pay.

On April 11, 1986, without answering plaintiffs' Compliant, defendant filed a Motion to Dismiss plaintiffs' claim on the grounds that this court lacked subject matter jurisdiction because the Department of Defense's statutory survey function, 5 U.S.C. §§ 5341–5343 (1982), is by law committed to departmental discretion and therefore does not give plaintiff the substantive right to money damages as required under the Tucker Act, 28 U.S.C. § 1491 (1982).

## DISCUSSION

■ We all know by now that the Tucker Act, 28 U.S.C. § 1491 (1982), is only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. The Court of Claims, precedent which is binding here, has recognized that the Act merely confers jurisdiction upon the court whenever a substantive right exists. *Eastport Steamship Corp. v. United States*, 178 Ct.Cl. 599, 605–07, 372 F.2d 1002, 1007–09 (1967).

Since 28 U.S.C. § 1491 (1982) offers no substantive rights against the United States this court must determine whether the federal statutes invoked by plaintiffs confer a substantive right to recover money damages from the United States. *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). The asserted entitlement to money damages depends upon whether "the constitutional clause or the legislation which the claimant cites can fairly be interpreted as mandating

compensation by the Federal Government for the damage sustained." *Eastport Steamship Corp. v. United States*, 178 Ct.Cl. 599, 607, 372 F.2d 1002, 1009 (1967). This hurdle limits this court's ability to redress, not necessarily address, alleged wrongs caused by the government. Yet, before the court may address or review the substantive arguments of an allegation, the court must have subject matter jurisdiction.

In the briefs accompanying Defendant's Motion to Dismiss, it is the court's view that both parties have confused the issues of subject matter jurisdiction and scope of review. In its Motion to Dismiss, defendant asserts that 5 U.S.C. § 5343 (1982) is not a money-mandating statute because the Department of Defense has "been delegated the unreviewable legislative function of determining the appropriate rate of pay for employees covered under 5 U.S.C. § 5343(a)." Although, this allegation may be true, it focuses on this court's scope of review in disputes regarding discretionary administrative matters, and fails to address this court's subject matter jurisdiction. Likewise, plaintiffs' argument that 5 U.S.C. § 5343 (1982) is nondiscretionary also misses the mark, at least insofar as this Motion to Dismiss under RUSCC 12(b)(1) is concerned. At the present time, this court has been asked to determine only whether this action is within its subject matter jurisdiction. Accordingly, the court reserves judgment on the merits of plaintiffs' claims until after it has been fully briefed by the parties on the applicable facts and law. Furthermore, the court reserves judgment on whether defendant's functions are discretionary or nondiscretionary and will consider this issue when it reviews defendant's actions under the appropriate standard of review.

■ Wage claims by government employees are within the ambit of the Tucker Act. *Bruner v. United States*, 343 U.S. 112, 115, 72 S.Ct. 581, 583–84, 96 L.Ed. 786 (1952). In *Eastport Steamship Corp. v. United States*, 178 Ct.Cl. 599, 372 F.2d 1002 (1967), the Court of Claims instructed

that in noncontractual demands under the Tucker Act "the allegation must be that the particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." *Id.* at 605, 372 F.2d at 1007. In this case, since a "prevailing rate employee is entitled to pay at [the] scheduled rate plus a night differential," 5 U.S.C. § 5343(f) (1982), the employee is certainly entitled to such pay, if it has been, in fact, earned.

The United States Supreme Court addressed the issue of whether the United States Court of Claims had subject matter jurisdiction over prevailing rate employee suits involving certain federal employees in *Amell v. United States*, 384 U.S. 158, 86 S.Ct. 1384, 16 L.Ed.2d 445 (1966). The plaintiffs in *Amell* were found to be federal employees whose "compensation shall be fixed and adjusted from time to time as nearly as is consistent with the public interest in accordance with prevailing rates and practices" in the industry. Classification Act of 1949, ch. 782, § 202(8), 63 Stat. 955, U.S. Code Cong. Serv., 81st Cong., 1st Sess. at 2364–65, 2368 (1949) (now codified as 5 U.S.C. § 5348 (1982)). *Amell* held that the United States Court of Claims had jurisdiction over such a pay dispute. The Court stated that interpreting the pay regulation of an executive department "is typically within the province and expertise of the Court of Claims." *Amell*, 384 U.S. at 163, 86 S.Ct. at 1387.

Although 5 U.S.C. § 5343 (1982) is not the same as the statute involved in *Amell* they enjoy a similar derivation. Classification Act of 1949, ch. 782, § 202(7) & (8), 63 Stat. 955, U.S. Code Cong. Serv., 81st Cong., 1st Sess. at 2364–65, 2368 (1949). The operative language of the statute in *Amell* and 5 U.S.C. § 5343 provide that the designated federal employees shall have their wage fixed from time to time in accordance with the prevailing rates for the type of work involved as nearly as is consistent with the public interest. This court holds that we have jurisdiction to consider the plaintiffs' claim brought under 5 U.S.C. § 5343 (1982) based on *Amell v. United States*, 384 U.S. 158, 86 S.Ct. 1384, 16 L.Ed.2d 445 (1966). This conclusion is bolstered by United States Court of Claims' decisions subsequent to the decision in *Amell*. *See Barrat v. United States*, 218 Ct.Cl. 242, 248, 585 F.2d 1041, 1045 (1978); *Blaha v. United States*, 206 Ct. Cl. 183, 511 F.2d 1165 (1975); *Daigle v. United States*, 217 Ct.Cl. 376 (1978).

### CONCLUSION

Based on the foregoing, this court concludes that the United States Claims Court has subject matter jurisdiction over plaintiffs' claims under 5 U.S.C. §§ 5341–5343 (1982 & Supp. II 1984). In so doing this court reserves judgment on the merits regarding the court's scope of review of the defendant's alleged administrative functions at issue.

IT IS SO ORDERED.