FULMER, Chief Judge.
James Jennings challenges a final order of the Florida Elections Commission, which fined Jennings $9300 for violating campaign finance laws while Jennings was a candidate for the Sanibel City Council. We affirm the Commission’s findings and conclusions pertaining to counts 1 through 26, but we reverse pertaining to counts 27 through 56. We conclude that the Commission erred in reversing the administrative law judge (ALJ) and denying Jennings’ motion to dismiss counts 27 through 56.
Jennings was elected to the Sanibel City Council in March 2003. In June 2003, the Commission received a private citizen’s sworn complaint against Jennings, alleging campaign finance law violations. The Commission initiated an investigation for Jennings having (1) improperly certified the correctness of an incorrect campaign treasurer’s report, (2) incurred an expense without sufficient funds on deposit to pay all previously authorized or incurred expenses and outstanding checks, (3) failed to report contributions, and (4) made prohibited expenditures. The Commission notified Jennings in June 2003 that based on these accusations it was investigating him for violations of sections 106.07(5), 106.11(4), 106.19(l)(b), and 106.19(l)(d), Florida Statutes (2002). During the course of the investigation, in August 2003, the Commission notified Jennings that it would also investigate him for having had someone other than the campaign treasurer or deputy treasurer make expenditures from the campaign account, in violation of section 106.021(3).
The Commission filed an Order of Probable Cause in November 2003, and an Amended Order of Probable Cause in February 2004, finding probable cause to believe that Jennings violated sections 106.07(5), 106.19(l)(b), and 106.21(3). The Commission charged Jennings with fifty-six counts. Counts 1 and 2 alleged violations of section 106.07(5) for certifying that the original and first amended campaign treasurer reports for the reporting period of February 8 through 27, 2003, were true, correct and complete when they failed to list contributions; counts 3 through 26 alleged violations of section 106.19(l)(b) for failing to report contributions on the initial and first amended reports for the reporting period of February 8 through 27, 2003; *611 and counts 27 through 56 alleged violations of section 106.021(3) for signing expenditure checks when Jennings was not the campaign treasurer or deputy treasurer.
Upon Jennings’ petition, the matter was referred to an ALJ for a hearing. In January 2004, Jennings moved to dismiss counts 27 through 56, arguing that these allegations did not arise out of the sworn complaint and that the Commission lacked authority to investigate violations of chapter 106 in the absence of a sworn complaint. Jennings argued that the Commission acted outside its jurisdiction by investigating and ultimately charging him with violations that were not within the scope of the original complaint but arose during the investigation. The ALJ reserved ruling on the motion until after the hearing.
The hearing was conducted on March 29 and April 7, 2004. After the hearing but before the ALJ issued a recommended order, the Florida Legislature amended section 106.25 to expressly restrict the Commission’s ability to investigate only those alleged violations contained within a sworn complaint. See ch. 2004-252, § 21, Laws of Fla. (adding statement that “[t]he commission shall investigate only those alleged violations specifically contained within the sworn complaint”). The amendment took effect July 1, 2004. Id. at § 26. Jennings cited this amendment in his proposed recommended order filed with the ALJ, contending that the amendment applied retroactively to his case and, therefore, counts 27 through 56 should be dismissed as outside the Commission’s jurisdiction. The Commission took the position that the amendment could only be applied prospectively.
The ALJ issued a Recommended Order in September 2004 that granted Jennings’ motion to dismiss counts 27 through 56. The ALJ determined that chapter 2004-252, section 21, Laws of Florida, was a procedural enactment that applied to all cases pending as- of its effective date of July 1, 2004. The ALJ concluded that further consideration of these counts was rendered unnecessary by the order granting the motion to dismiss. On the other counts, 1 through 26, the ALJ found that the Commission had proved the violations. The ALJ recommended a fine of $1000 for count 1, $500 for count 2, and $100 for each of counts 3 through 26, for a total recommended fine of $3900.
The parties filed exceptions to the Recommended Order and responses to the exceptions. The Commission entered its Final Order on March 7, 2005. In ruling on the parties’ exceptions, the Commission concluded that the ALJ erred in granting Jennings’ motion to dismiss counts 27 through 56. The Commission determined that chapter 2004-252, section 21, was not a procedural amendment but rather was a substantive statutory change which limits the Commission’s previously existing authority. Therefore, the Commission found that the amendment could not be applied to pending cases. The Commission concluded that counts 27 through 56 should not have been dismissed, and it reinstated them. The Commission further concluded that the evidence found by the ALJ showed that Jennings willfully violated section 106.021(3), Florida Statutes, and imposed a fine of $100 per violation. The Commission determined that the ALJ’s recommended penalty of $100 for each of counts 3 through 26 was too light in view of the violations and a fine of $200 was more appropriate and more closely aligned with the fines imposed in similar Commission actions.
Jennings argues on appeal that the Commission erred in reinstating counts 27 through 56. Jennings contends the 2004 amendment to section 106.25(2) should be *612 applied to bar counts 27 through 56 because the conduct alleged in these counts was not included in the original sworn complaint filed against him.
The 2004 version of section 106.25(2), as amended by chapter 2004-252, section 21, Laws of Florida, reads as follows:
The commission shall investigate all violations of this chapter and chapter 104, but only after having received either a sworn complaint or information reported to it under this subsection by the Division of Elections. Any person, other than the division, having information of any violation of this chapter or chapter 104 shall file a sworn complaint with the commission. The commission shall investigate only those alleged violations specifically contained within the sworn complaint. If any complainant fails to allege all violations that arise from the facts or allegations alleged in a complaint, the commission shall be barred from investigating a subsequent complaint from such complainant that is based upon such facts or allegations that were raised or could have been raised in the first complaint. Such sworn complaint shall state whether a complaint of the same violation has been made to any state attorney. Within 5 days after receipt of a sworn complaint, the commission shall transmit a copy of the complaint to the alleged violator. All sworn complaints alleging violations of the Florida Election Code over which the commission has jurisdiction shall be filed with the commission within 2 years after the alleged violations. The period of limitations is tolled on the day a sworn complaint is filed with the commission.
It is undisputed that the private citizen’s sworn complaint did not allege a violation of section 106.021(3), and no complaint has ever been filed with the Commission alleging that Jennings violated section 106.021(3). The provision that “[t]he commission shall investigate only those alleged violations specifically contained within the sworn complaint,” became effective July 1, 2004, while this matter was pending. The issue of whether the change in the statute should apply to Jennings’ pending case is a question of law that we review de novo.
In determining whether a newly enacted statute should be applied retroactively, a court must first inquire whether there is clear evidence of legislative intent to apply it retroactively. See Metro. Dade County v. Chase Fed. Hous. Corp., 737 So.2d 494, 499 (Fla.1999). The parties agree here that the amendment does not evince a clear expression of intent on its application to cases arising before its enactment. The parties differ on the next step of the analysis to be undertaken, and in particular, they disagree on whether the amendment was procedural and remedial or whether it effected a substantive change in the law.
We conclude that the general principles to be applied in determining whether a statute should be applied retroactively are not useful in resolving this case given the nature of the law at issue here. The amendment effectively restricted the jurisdiction of the Commission. By its use of the word “investigate” in the amendment, the legislature did not refer merely to a discrete aspect of a Commission proceeding; rather, the term was employed in a broader sense, addressing the Commission’s power to act in any way with respect to a violation that is not asserted in a complaint. This must be so because it is self-evident that the Commission cannot proceed on any violation without first investigating it. Certainly, the Commission would not contend that, to this day, it retains power to discover and punish viola *613 tions so long as it avoids investigating them in contravention of the statute.
Therefore, we conclude that the issue in this case must be resolved by using the general principle that “when a law conferring jurisdiction is repealed without any reservation as to pending cases, all cases fall with the law.” Bruner v. United States, 343 U.S. 112, 116-17, 72 S.Ct. 581, 96 L.Ed. 786 (1952). In Landgraf v. USI Film Products, 511 U.S. 244, 274, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), the Court discussed instances where jurisdictional changes made by a legislative body have been applied to pending cases:
We have regularly applied intervening statutes conferring or ousting jurisdiction, whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed. Thus, in Bruner v. United States, 343 U.S. 112, 116-117, 72 S.Ct. 581, 584-585, 96 L.Ed. 786 (1952), relying on our “eonsisten[t]” practice, we ordered an action dismissed because the jurisdictional statute under which it had been (properly) filed was subsequently repealed. See also Hallowell v. Commons, 239 U.S. 506, 508-509, 36 S.Ct. 202, 203-204, 60 L.Ed. 409 (1916); Assessors v. Osbornes, 9 Wall. 567, 575, 19 L.Ed. 748 (1870). Conversely, in Andrus v. Charlestone Stone Products Co., 436 U.S. 604, 607-608, n. 6, 98 S.Ct. 2002, 2005, n. 6, 56 L.Ed.2d 570 (1978), we held that, because a statute passed while the case was pending on appeal had eliminated the amount-in-controversy requirement for federal-question cases, the fact that respondent had failed to allege $10,000 in controversy at the commencement of the action was “now of no moment.” See also United States v. Alabama, 362 U.S. 602, 604, 80 S.Ct. 924, 926, 4 L.Ed.2d 982 (1960) (per curiam); Stephens v. Cherokee Nation, 174 U.S. 445, 478, 19 S.Ct. 722, 734, 43 L.Ed. 1041 (1899). Application of a new jurisdictional rule usually “takes away no substantive right but simply changes the tribunal that is to hear the case.” Hallowell, 239 U.S., at 508, 36 S.Ct., at 202. Present law normally governs in such situations because jurisdictional statutes “speak to the power of the court rather than to the rights or obligations of the parties,” Republic Nat. Bank of Miami, 506 U.S., [80] at 100, 113 S.Ct., [554] at 565 [121 L.Ed.2d 474 (1992) ] (THOMAS, J., concurring).
(Footnote omitted.)
It makes no difference that the Commission had completed the investigatory stage of its proceeding against Jennings before the 2004 law took effect. The statute does not distinguish violations unearthed by the Commission before its effective date from violations discovered thereafter. If the legislature had intended its restriction on the Commission’s power to apply only to the latter, it easily could have said so. Just as easily, the legislature could have exempted pending proceedings from the operation of the statute. It did neither.
Because the Commission lost jurisdiction to proceed with counts 27 through 56 when the amendment became effective, we remand for the Commission to vacate its findings[1] and sanctions imposed and to *614 enter a dismissal of those counts. We reject, without comment, Jennings’ challenges to the amount of the penalties imposed on the other counts.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and LaROSE, JJ„ Concur.

. Based on our reversal, it is not necessary for us to reach the issue of whether the Commission erred in making the initial factual determination that Jennings' was guilty of the violations alleged in counts 27 through 56, where the ALJ did not make findings on this factual question. We note, however, that this issue would provide an alternative basis for reversal. See Gross v. Dep’t of Health, 819 So.2d 997, 1003 (Fla. 5th DCA 2002) ("Florida courts have consistently held that the issue of whether an individual violated a statute ... is generally an issue of fact to be determined *614 by the administrative law judge based on the evidence and testimony.”).