MURPHY EXPLORATION AND PRODUCTION COMPANY, Appellant,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR and Gale A. Norton, Appellees.

No. 00–5218.

United States Court of Appeals, District of Columbia Circuit.

Filed Nov. 9, 2001.

Before GINSBURG, Chief Judge, SENTELLE and ROGERS, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

Circuit Judge ROGERS dissented.

On Appellees' Petition for Rehearing

SENTELLE, Circuit Judge:

This matter is before us on motion for rehearing of our decision in *Murphy Exploration & Production Co. v. U.S. Department of Interior,* 252 F.3d 473 (D.C.Cir.2001). In that decision we considered the appeal of a natural gas producer (Murphy) from a district court judgment dismissing for lack of jurisdiction Murphy's suit for reimbursement of mining royalty overpayments. The facts are set forth in the earlier opinion. The district court had held (rightly) that the suit was governed by the Federal Oil and Gas Royalty Simplification and Fairness Act, 30 U.S.C. § 1724(h)(1) ("FOGRSFA"), which requires the Secretary to "issue a final decision in any administrative proceeding ... within 33 months from the date such proceeding was commenced or 33 months from [the effective date of the Act], whichever is later." If the Secretary fails to do so within the allotted time, she "shall be deemed to have issued a final decision in favor of the Secretary ... and the appellant shall have a right to judicial review of such deemed final action...." *Id.* at § 1724(h)(2)(B).

While the district court correctly identified the governing statute, we held that the court was incorrect in its application. That is, that court ruled that it had no jurisdiction because Murphy's February 3,

1989 refund request did not constitute the commencement of an "administrative proceeding" within the meaning of FOGRS-FA. In doing so, the district court followed the Secretary's interpretation of section 1724(h)(2)(B) made in the rulemaking proceeding. For the reasons set forth in our original opinion, we disagreed with the Secretary's interpretation. In our analysis, we concluded that the deference afforded agency interpretation of the statutes under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), was inapplicable because the controverted provision of the statute conferred jurisdiction on the federal courts so that "we must decide, as an original matter, whether the district court had jurisdiction to hear Murphy's lawsuit." *Murphy Exploration*, 252 F.3d at 480. We concluded for reasons fully set out at 252 F.3d at 480–82 that it had such jurisdiction.

In the original proceedings before us, the Department of the Interior ("DOI") had argued "that Murphy waived its challenge to the agency's interpretation of FOGRSFA because it did not advance that view during the rulemaking process." *Id.* at 478. While recognizing that in *Ohio v. EPA*, 997 F.2d 1520 (D.C.Cir.1983), we had declined to consider an argument that the parties had failed to raise "during rulemaking proceedings before the Agency," *id.* at 1528, we distinguished *Ohio* on the ground that the record before us in *Murphy Exploration* did not reveal that Murphy had any role in the rulemaking proceeding and therefore could not "be said to have 'waived' its argument by failing to advance it during those proceedings." *Murphy Exploration*, 252 F.3d at 478.

After we issued our opinion, the DOI came forward with further record material

which it sought to have us notice demonstrating that while we had been literally correct in our earlier opinion that the record before us did not reflect the participation of Murphy in the rulemaking proceeding, Murphy had in fact participated and had not raised the argument that the Department was incorrectly interpreting 30 U.S.C. § 1724(h)(2)(B). We accept the material proffered and allow the petition of the Department of the Interior only to the extent that we order the first full paragraph in the first column of 252 F.3d at 478, being the same language as the only full paragraph on page 6 of the slip opinion in *Murphy Exploration*, stricken.[1]

 This revision makes no difference in the result of the case. *Ohio v. EPA* still does not bar our review. That decision only restates the incontrovertible proposition that one may not present an argument on appeal without having first raised it below, *i.e.*, in the proceedings from which the litigant appeals. *See Ohio*, 997 F.2d at 1528–29 ("Judicial efficiency is served because issues that are raised before the agency might be resolved without the need for judicial intervention."). The question in *Ohio* was whether the petitioners had exhausted their administrative review, not whether they were estopped from advancing an argument in a different proceeding. Nothing in *Ohio* or any other authority prevents Murphy from pursuing its claim in a second forum, *i.e.*, apart from the original rulemaking, if such a forum is otherwise available. As we have held before, such a forum is available to a party when a rule is "brought before this court for review of further [agency] action applying it." *Functional Music, Inc. v. FCC*, 274 F.2d 543, 546 (D.C.Cir.1958). As we opined in *Functional Music*, because "ad-

---

1. That paragraph is the last before Section II.B of the opinion. It begins, "DOI further proposes that Murphy" and ends a few sen-

tences later with "'waived' its argument by failing to advance it during those proceedings." 252 F.3d at 478.

ministrative rules and regulations are capable of continuing application," were we to limit review to the adoption of the rule without further judicial relief at the time of its application, we "would effectively deny many parties ultimately affected by a rule an opportunity to question its validity." *Id.* Just so here.

For the reasons set forth in *Murphy Exploration,* we reversed the judgment of the district court that it had no jurisdiction. Nothing in the petition before us convinces us that we erred in any fashion in that decision.

Except to the limited extent set forth above, the petition for rehearing is denied.[2]

---

**2.** Judge Rogers would grant rehearing. *See Murphy Exploration & Production Co. v. U.S.* *Dept. of Interior,* 252 F.3d 473, 483 (D.C.Cir. 2001) (Rogers, J., dissenting).