**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 8, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60017

_____

BCCA APPEAL GROUP; NATIONAL RESOURCES DEFENSE COUNCIL;
ENVIRONMENTAL DEFENSE; DAVID MARRACK; JANE W. ELIOSEFF;
GALVESTON-HOUSTON ASSOCIATION FOR SMOG PREVENTION;
GALVESTON BAY CONSERVATION AND PRESERVATION ASSOCIATION;
SIERRA CLUB; AND BRAZORIA COUNTY, TEXAS,

Petitioners,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY;
CHRISTINE T. WHITMAN, ADMINISTRATOR; AND
GREGG A. COOKE, ADMINISTRATOR, REGION 6,

Respondents,

v.

STATE OF TEXAS; HARRIS COUNTY, TEXAS;
BCCA APPEAL GROUP; ENVIRONMENTAL DEFENSE;
DAVID MARRACK; JANE W. ELIOSEFF; GALVESTON-
HOUSTON ASSOCIATION FOR SMOG PREVENTION;
GALVESTON BAY CONSERVATION AND PRESERVATION
ASSOCIATION; AND SIERRA CLUB,

Intervenors.

_____

On Petitions for Review of Final Rule
of the United States Environmental Protection Agency

_____

ON PETITION FOR REHEARING EN BANC
(Opinion October 28, 2003, 5ᵗʰ Cir., 2003, ____F.3d____)

Before DAVIS and BENAVIDES, Circuit Judges, and RESTANI,[*] Judge.

DAVIS, Circuit Judge and RESTANI, Judge:

Treating the Petition for Rehearing En Banc of Environmental Defense, David Marrack,

Jane Elioseff, Galveston-Houston Association for Smog Prevention, and the Galveston Bay

Conservation and Preservation Association as a Petition for Panel Rehearing, we delete footnote

28 from the original panel opinion and substitute the following in its place:

> Footnote 28 -
>          Environmental Defense claims that the CAA's specific mention of
> enforceable commitments in two provisions precludes the EPA from fully
> approving the Houston SIP under § 7410(a)(2)(A).  To the contrary, however,
> nothing in the CAA directly governs this issue.  One provision, 42 U.S.C. §
> 7410(k)(4), gives EPA discretionary authority to <u>conditionally</u> approve a SIP
> "based on a commitment of the State to adopt specific enforceable measures by a
> date certain."  ED claims that this provision, which was enacted in 1990
> amendments to the CAA, was meant to supplant EPA's practice of fully approving
> enforceable commitments under § 7410(a)(2)(A).  There is nothing in the statute
> or in the legislative history, however, to support this theory.  Furthermore, the
> cases Environmental Defense relies upon, which address conditional SIP approvals
> or construe statutory provisions before the 1990 amendments, are inapposite.
>          ED also claims that the EPA's full approval of the Houston SIP's
> enforceable commitments was not authorized by 42 U.S.C. § 7511a(e)(5), which
> provides that the EPA may "approve provisions of an implementation plan for an
> <u>extreme area</u> which anticipate[s] development of new control techniques or
> improvement of existing control technologies, and an attainment demonstration
> based on such provisions, if the state demonstrates . . . that . . . the State has
> submitted <u>enforceable commitments to develop and adopt contingency measures</u> to
> be implemented . . . if the anticipated technologies do not achieve planned
> reductions" (emphasis added).  The court agrees that EPA's action was not
> authorized by this particular provision, because it governs extreme nonattainment
> SIPs, not SIPs for severe nonattainment areas like Houston-Galveston.  Contrary
> to ED's assertions, however, the fact that EPA's action was not authorized by this
> particular provision does not mean that EPA's action was not in accordance with
> law.
>          The legislative history of the 1990 amendments of § 7410(a)(2)(A)
> acknowledged EPA's practice of fully approving SIPs that contained limited
> enforceable commitments, yet Congress made no changes to that section

[*]   The Honorable Jane A. Restani, Chief Judge, U.S. Court of International Trade, sitting by
designation.

precluding the practice.  <u>See</u> H.R. Rep. No. 101-490, pt. 1 at 218 (1990).  In fact, the 1990 amendments expanded EPA's authority under § 7410(a)(2)(A) by adding the "means" and "techniques" and "as . . . appropriate" language.  This strengthens, rather than limits, the statutory basis for EPA's practice of fully approving SIPs that contain enforceable commitments as part of an overall control strategy.  Finally, because § 7410(a)(2)(A) is silent on the issue of whether an enforceable commitment is an "appropriate" "means" or "technique" to reach attainment, EPA's interpretation must be upheld if the court finds it a permissible construction of the statute.

In all other respects the Petition for Panel Rehearing is DENIED.

No member of the panel nor judge in regular active service of the court having requested that the court be polled on Rehearing En Banc (Fed. R. App. P. and 5th Cir. R. 35), the Petition for Rehearing En Banc is DENIED.